# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

LaTASHA McCALL,           )
                          )
         Plaintiff,       )
                          )
    v.                    )    No. 10-01230-CV-W-FJG
                          )
DILLARD'S, INC., et al.,  )
                          )
         Defendants.      )

## ORDER

Pending before the Court is plaintiff's Motion to Remand to Jackson County Circuit Court (Doc. No. 15).

### I. BACKGROUND

On November 1, 2010, plaintiff LaTasha McCall filed a Petition for Damages in Jackson County Circuit Court against Dillard's, Inc. and Steven Boles. Defendants removed the action on December 10, 2010, on the basis of diversity jurisdiction. On December 30, 2010, plaintiff filed the instant Motion to Remand.

Plaintiff's lawsuit arises from an incident that occurred while she was a customer at a Dillard's store on December 30, 2009. On that date, defendant Boles was working as a private security officer for Dillard's. Plaintiff made a purchase in the Dillard's shoe department and paid with a personal check issued by the Blue Ridge Bank & Trust Company. The Dillard's sales associate processed the check and provided a receipt for the purchase. Plaintiff proceeded to the Junior's department to purchase a sweater. While making the purchase, Plaintiff heard a loud voice behind her saying, "Don't move!" McCall turned and saw Boles, who then mistakenly identified plaintiff as someone else. Plaintiff told Boles her name was LaTasha McCall and she was not the person he believed her to be. Boles accused her of lying and asserted McCall had

written a bad check, that she had a history of writing bad checks, and that Boles had contacted her bank who told Boles her account was closed and the Dillard's check would not clear.

Plaintiff called Blue Ridge Bank & Trust Company and verified her check would clear. Boles spoke with the bank representative and eventually returned the phone to McCall. Boles then requested McCall's license and she complied. Boles asserted his belief that she had outstanding warrants and ran a check on the license. Boles confirmed McCall had no outstanding warrants. The encounter concluded when Boles told McCall he needed to file a report.

Boles' conduct during the incident gave rise to the following causes of action: (I) false arrest, (II) negligence, (III) outrageous conduct, (IV) negligent infliction of mental distress, (V) slander, (VI) statutory violations of the Missouri Merchandising Practices Act, and (VII) exemplary damages. McCall is a Missouri resident, Dillard's is a Delaware corporation with its principle place of business in Arkansas, and Boles is a Missouri resident. The amount in controversy exceeds $75,000.00.

Plaintiff moves to remand the action to state court for lack of jurisdiction. Defendants contend Boles has been fraudulently joined to this action, and the Court must disregard his citizenship to evaluate diversity jurisdiction under 28 U.S.C. § 1332. Thus, the issue before the Court is whether defendant Boles has been fraudulently joined in this action for the purpose of defeating federal court jurisdiction.

II. **LEGAL STANDARD**

In Filla v. Norfolk Southern Railway Company, 336 F.3d 806 (8th Cir. 2003), the Court articulated the standard for determining whether a party has been fraudulently joined:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. [I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. . . .However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. . . . As we recently stated in Wiles [v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002)], joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

Id. at 810 (internal citations and quotations omitted).

In Barnes v. Dolgencorp, Inc., No. 06-0632-CV-W-ODS, 2006 WL 2664443, (W.D. Mo. Sept. 14, 2006), the court stated:

> In conducting this inquiry, the Court must resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor, but the Court has no responsibility to *definitively* settle the ambiguous question of state law. . . . Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant. . . . Where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide. . . . Finally, the party seeking removal and opposing remand has the burden of demonstrating that federal jurisdiction exists.

Id. at *1 (internal citations and quotations omitted).

**III.    DISCUSSION**

Defendants argue the Motion to Remand should be denied because defendant Boles has been fraudulently joined in this action.  Defendants assert that Boles is a police officer and, therefore, his actions are protected by the doctrine of official immunity.  Defendants urge the Court to take judicial notice of the fact that Boles is a commissioned police officer with the City of Independence, and have provided affidavits from defendant Boles and from Deputy Police Chief John Main in support.

McCall did not sue defendant Boles in his official capacity as a police officer.  Instead, her claims against him are based on his conduct while working as a private security officer for Dillard's.

While the Court possesses authority to consider certain evidence outside the pleadings in determining fraudulent joinder, the Court declines to do so here.  See Petersen v. Rusch, Inc., No. 05CV1328, 2006 WL 83492, *2 (E.D. Mo. Jan. 12, 2006) (considering affidavits to retain jurisdiction on motion for remand and dismissing fraudulently joined defendant).  Plaintiff takes issue with the propriety and accuracy of both affidavits, and reasonably claims they include matters subject to challenge and review during the discovery phase in this case.  Further, while Boles' status as a commissioned police officer may be "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned[,]" it would be premature to take judicial notice at this early stage in the litigation.  Fed. R. Evid. 201(b).

Even if, however, the Court considers defendants' argument that Boles is entitled to official immunity, Filla dictates a remand is appropriate.  Missouri law is not settled on the issue of whether an off-duty police officer is entitled to official immunity while working as a private security guard.  The central inquiry is whether Boles acted in an

official capacity during the incident, or whether he was exercising his duties as a private security guard.

"Official immunity is a judicially-created doctrine designed to protect public employees from liability for allegedly negligent acts committed during their performance of official duties." Thomas v. Brandt, 325 S.W.3d 481, 483 (Mo. App. E.D. 2010). "[O]fficial involvement is not measured by the primary occupation of the actor, but by the *capacity* in which he acts at the time in question." State v. Woods, 790 S.W. 2d 253, 257 (Mo. App. S.D. 1990) (citing State v. Castillo, 697 P.2d 1219, 1221 (Idaho App. 1985)) (emphasis in original). If Boles was not acting in his capacity as a law enforcement officer, but rather exceeded his authority as a private security guard, Missouri law may impose liability for the alleged torts.

Defendants refer to State v. Brown, 989 S.W.2d 652, 654 (Mo. App. E.D. 1999), for the proposition that Missouri law does not distinguish between on-duty and off-duty police officers with regard to affording protections of official immunity. In Brown, the Missouri Court of Appeals interpreted R.S. Mo. § 565.082, which protects law enforcement officers from criminal assault. On appeal, the Court considered whether the defendant was wrongfully convicted of assaulting an off-duty police officer working as a security guard at a Dillard's. The Court found the security guard was engaged in an official capacity when he was assaulted and, thus, defendant was properly convicted of assault of a police officer under the statute.

The instant matter, however, pertains to civil allegations against an off-duty police officer. It would be premature to determine the factual question of whether Boles acted in an official capacity while he was working off-duty as a private security guard.

Applicable precedent does not preclude an action against defendant Boles, and plaintiff has made sufficient allegations against Boles to conclude there is a colorable action against him. Accordingly, the Court lacks jurisdiction over this matter and plaintiff's Motion to Remand is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss Party (Doc. No. 4), defendant's Motion to Strike Count VII from Plaintiff's Petition for Damages (Doc. No. 7), defendant's Motion to Dismiss for Failure to State a Claim (Doc. No. 9), plaintiff's Motion to Stay (Doc. No. 13), plaintiff's Motion for Order to Exclude Matters Outside the Pleadings (Doc. No. 18), and plaintiff's Motion to Amend Petition for Damages (Doc. No. 21), are all hereby **DENIED AS MOOT**.

Accordingly, this case is **REMANDED** to the Circuit Court of Jackson County, Missouri at Kansas City. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri at Kansas City as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Date:   02/23/11        **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri     Fernando J. Gaitan, Jr.
    Chief United States District Judge